Filed 3/23/16  P. v. Burgos CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064698 |
| v. | (Super.Ct.No. INF1500399) |
| CARLOS ALAN BURGOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge.  Affirmed.

Laurel Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Carlos Alan Burgos is serving a 13-year sentence for charges stemming from a carjacking.  We affirm the judgment.

1

## FACTS AND PROCEDURE

On February 22, 2015, defendant and a codefendant wielded a knife to take a motor vehicle from the victim with the intent to deprive him of the vehicle. In doing so, they kidnapped the victim, and forcibly took personal property from him.

On March 13, 2015, the People filed a seven-count complaint charging defendant with kidnapping during a carjacking (count 1; Pen. Code § 209.5);[1] kidnapping to commit robbery (count 2; § 209, subd. (b)(1)); carjacking (count 3; § 215, subd. (a)); second degree robbery (count 4; § 211); kidnapping (count 5; § 207, subd. (a)); criminal threats (count 6; § 422); and misdemeanor drug use (count 7; Health & Saf. Code, § 11550, subd. (a)). The People alleged as to counts one and two, and four through six, that defendant personally used a dangerous weapon, a knife (§ 12022, subd. (b)(1)); as to count three that defendant personally used a dangerous weapon, a knife, with a carjacking conviction (§ 12022, subd. (b)(2)). The People also alleged that defendant had a prior prison term conviction (§ 667.5, subd. (b)) and that he violated the terms of his probation in two other cases.

On July 20, 2015, the trial court held a hearing under *People v. Marsden* (1970) 2 Cal.3rd 118. The court denied the motion.

On August 11, 2015, defendant pled guilty to count three and the personal use allegation, along with counts four through six without the allegation.

---

[1] All section references are to the Penal Code unless otherwise indicated.

On August 26, 2015, the trial court sentenced defendant to 13 years in prison as follows:  the upper term of nine years for count three, plus the upper term of three years for the personal use enhancement, plus one year for count four, and concurrent terms for counts five and six.

This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
                                                              P. J.

We concur:

HOLLENHORST\
                    J.

McKINSTER\
                    J.